338

# WILLIAM SCHUELLER v. C. HARRY KNAPP AND ANOTHER.

107 N. W. (2d) 376.

January 27, 1961—No. 38,215.

*Leonard Eriksson* and *James S. Eriksson,* for appellant.
*Nelson, Clemmensen & Reuther,* for respondents.

MAGNEY, COMMISSIONER.

Plaintiff brought action to recover $1,074.89, balance claimed due and owing from defendants in connection with the construction of a farm home. Judgment was entered for defendants, and plaintiff appeals.

Upon completion of the work, plaintiff mailed defendants a statement of account, which was received by them on March 30, 1946.

In February 1960, almost 14 years later, plaintiff brought this action to recover the balance claimed due. He alleged that defendants promised to pay plaintiff the said $1,074.89 as soon as they could, with interest, and told plaintiff that he would not lose anything on them. In their answer, defendants alleged, among other claims, that plaintiff has been paid in full and also that plaintiff's claim is barred by the statute of limitations.

Thereupon defendants moved the court for summary judgment upon the ground that it appeared conclusively from the pleadings that the

action was barred by the statute of limitations. In an affidavit of merit filed in opposition to the motion, plaintiff sets out various matters bearing on the validity of the claim and then states:

"* * * He asked if he could have time for paying the balance and I told him he could * * *. Then I told him that he could have eight to ten years time for paying the balance. Then he said that if that should happen he would pay me interest and added that I did not need to have any fears because I would not lose anything on him."

The court denied the motion. Plaintiff served interrogatories and requests for admissions on defendants, and defendants likewise served requests for admissions on plaintiff. In response to the latter, plaintiff stated that he had sent several statements of balance due to defendants, the last one being December 31, 1954. He further admitted that subsequent to the mailing of the statement in March 1946 he had had no conversation with defendants with reference to this account.

Defendants then renewed their motion for summary judgment. This time the court granted it and dismissed the action on its merits on the ground that the action was barred by the statute of limitations.

Plaintiff's statement of account was submitted to defendants on March 30, 1946, after the job had been completed. Almost 14 years later, this action was brought. Clearly, on such facts, the action is barred by the 6-year statute. Minn. St. 541.05. Plaintiff counters with a claim that when the statement was presented, upon defendants' request for additional time to pay, plaintiff gave them "eight to ten years time for paying the balance." This extension of time was not in writing, and plaintiff therefore encounters § 541.17, which provides that such new agreement must be "contained in some writing signed by the party to be charged thereby."

Plaintiff, in an attempt to avoid the provisions of the statute, contends that, under the facts here, defendants are estopped to set up the statute of limitations as a defense, citing as his authority Albachten v. Bradley, 212 Minn. 359, 3 N. W. (2d) 783. In that case action was commenced more than 7 years after the maturity of the note. Prior to August 22, 1939, which date was the last in the 6-year period, plaintiff pressed defendant for payment. Defendant requested

plaintiff to wait until Thanksgiving time, which was about 3 months after the statutory period of limitation would have run, and promised that he would then make a new arrangement or settle plaintiff's claim. Defendant told plaintiff that it was unnecessary for him to bring action to enforce payment; that about Thanksgiving time he would have certain collateral returned from his bank and plaintiff then would be the only creditor; and that plaintiff would not lose anything by waiting. Plaintiff agreed to wait as requested. He relied on defendant's promises and representations and performed his part of the agreement by waiting until after Thanksgiving Day before he again pressed for payment. Defendant no longer asked for forbearance. He laughed at plaintiff and said that plaintiff could not collect a cent; that he should (212 Minn. 361, 3 N. W. [2d] 784) "try and collect it." This court held that under such facts defendant was estopped to set up the statute as a defense by reason of his oral promises before the statute had run.

It is clear that in the instant case there are no elements of estoppel, and Albachten v. Bradley, *supra,* has no application. Also, under our facts, we see no merit in plaintiff's contention that the court was in error in considering the renewal of the summary judgment motion.

Judgment affirmed.